24470/MB/MR

IN THE SMALL CLAIMS DIVISION OF THE COUNTY COURT OF THE TWENTIETH
JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

RONALD TRACY,

    Plaintiff,

vs.                                      CASE NO.: _____

CAPITAL ONE BANK USA, N.A.,

    Defendant.
_____/

## COMPLAINT FOR UNLAWFUL AND ABUSIVE DEBT COLLECTION PRACTICES

COMES NOW, the Plaintiff, RONALD TRACY, hereinafter "Plaintiff" or "consumer," sues the Defendant, CONSERVE-ARM, INC., hereinafter "Defendant," for violation of Florida's Consumer Collection Practices Act, §559.55 Fla. Stat. *et seq.,* the "FCCPA," 47 U.S.C. §227, the "TCPA" and 47 C.F.R. §64.1200 and the Florida Deceptive and Unfair Trade Practices Act, or FDUTPA, §501.201 - §501.213, Fla. Stat., for damages that exceed $2,501.00, and are less than $5,000.00, exclusive of attorney's fees and costs, and alleges as follows:

### Introduction

1. The FCCPA protects Florida citizens from abusive, threatening, harassing and false or fraudulent calls by or on behalf of creditors. The FCCPA provides for actual and statutory damages, plus attorney's fees and costs of the action. The Defendant's misconduct, as alleged and to be proven herein, violates the FCCPA in multiple respects. The violations include calls to the cellular telephone of the Plaintiff, without any written authorization, the intentional termination of an agreement to settle the debt for the purpose of obtaining a judgment and garnishment, and fraudulent representations regarding the Plaintiff's performance in paying the debt as agreed. These actions evidence a willful intent to harass, intimidate, break down and degrade the consumer in clear violation of the letter and intent of

1

the FCCPA. The Defendant seeks or threatens to collect debts or take actions it is not legally authorized to take or has asserted rights that the Defendant knows it does not have.

2. The TCPA restricts the use of an automatic telephone dialing system, and/or the use of an artificial or prerecorded voice to deliver a message without prior express consent to any residential telephone or any telephone number assigned to a cellular phone service.

### Jurisdiction and Venue

3. The Plaintiff resides in Lee County and the unlawful and unlawful communications occurred in this county and caused injury to Plaintiff in this county.

4. The Defendant is subject to *in personam* jurisdiction here because the Defendant's unlawful, statutory violations were specifically directed at Plaintiff in this county and caused harm to Plaintiff in this county.

5. The damages, exclusive of attorneys' fees, prejudgment interest, and costs, are within the jurisdictional limits of this Court.

6. Plaintiff is a consumer.

7. The Defendant undertook collection activities against the Plaintiff.

8. The Plaintiff and Defendant agreed to settle any debt owed on January 11, 2012, in case number 11-SC-003675, by the payment of thirty dollars per month with interest accruing at 4.75 percent annually.

9. Additionally, the Plaintiff agreed to have amount deducted from his checking account each month by the Defendant.

10. In order to induce a purported default, the Defendant unilaterally stopped deducting the monthly thirty dollar payment from the Plaintiff's checking account.

11. In its effort to collect a debt, the Defendant unilaterally terminated the agreement between the parties to obtain a judgment and subsequent garnishment against the Plaintiff.

12. The Defendant, in an effort to collect the alleged debt, undertook an unlawful course of conduct that included the use of calls to his cellular telephone with a number ending in 1812, without written authorization, the unilateral termination of the performing agreement to obtain judgment and garnishment, fraudulent misrepresentations and similar conduct designed to threaten, coerce and/or intimidate the Plaintiff.

13. The Defendant used an automatic telephone dialing system, and/or used an artificial or prerecorded voice to deliver a message to the Plaintiff, without prior express consent to Plaintiff's cellular phone.

14. The Defendant's unlawful course of conduct constituted violations of the FCCPA and the TCPA.

## COUNT I
### Violation of FCCPA

15. This is a cause of action against Defendant for its violation of the FCCPA.

16. Plaintiff restates (1) through (14) above, as if fully set forth herein.

17. At all times material hereto, Plaintiff was a "debtor" or "consumer" within the meaning of §559.55(2) Fla. Stat.

18. At all times material hereto, the communications and other misconduct alleged herein arose out of a "debt" or "consumer debt" within the meaning of §559.55(1) Fla. Stat.

19. At all times material hereto, the Defendant was a "person" within the meaning of §559.55(7) Fla. Stat.

20. The Defendant willfully violated provisions of the FCCPA by their conduct, which included, but was not limited to the following actions:

3

  (a) The Defendant's attempt to collect the debt was as assertion of the existence of a legal right when the Defendant knew that right did not exist in violation of Fla. Stat. §559.72(9).

  (b) The Defendant's conduct was prohibited by §559.72(7), because it was reasonably intended to willfully harass or abuse the Plaintiff.

  (c) Caused the Plaintiff to be charged for communications by concealing the true purpose of the communication in violation of §559.72(19).

21. As a legal and proximate cause of the aforesaid misconduct and violations, Plaintiff has suffered actual damages and is entitled to statutory damages.

22. Plaintiff was forced to retain undersigned counsel and has or will incur attorney's fees, legal assistant fees and costs. Counsel has been retained on a contingency basis, and Plaintiff seeks a contingency risk multiplier.

23. Plaintiff is entitled to an award of attorneys' fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA.

WHEREFORE, Plaintiff, RONALD TRACY, demands actual and statutory damages, attorney's fees, legal assistant fees, costs and prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT II
### Injunctive Relief

24. This is a cause of action for injunctive relief against Defendant to enjoin its further violations of the FCCPA.

25. Plaintiff restates (1) through (20) as if fully set forth herein.

26. The Defendant's continued violation of the FCCPA against the Plaintiff and other Florida citizens is repugnant to the public welfare and offends the long-standing public policy of

4

this State to protect innocent consumers from predatory, abusive and fraudulent collection practices.

27. The Defendant has or will continue the aforesaid unlawful conduct now and into the future unless equitably enjoined from continuing to violate the FCCPA.

28. The FCCPA empowers and confers upon this Court the necessary and statutory jurisdiction and authority to "enjoin" "further violations of this Part."

29. Plaintiff hereby invokes the Court's statutory and/or equitable jurisdiction under the FCCPA to enjoin further violations of this part, more specifically:

   a. The immediate and permanent cessation of any and all unlawful attempted communication or contact.

30. Plaintiff was forced to retain undersigned counsel and has or will incur substantial attorney's fees, legal assistant fees and costs.

31. Plaintiff, as a prevailing party, is entitled to an award of attorney's fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA, and contingent risk multiplier.

WHEREFORE, Plaintiff, RONALD TRACY, prays for injunctive relief, attorney's fees, legal assistant fees, costs, prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT III
### Declaratory Relief

32. This is a cause of action for declaratory relief against Defendant to declare certain of its offending practices to be unlawful and in violation of the FCCPA.

33. Plaintiff restates (1) through (30) as if fully set forth herein.

34. The Defendant's continued violation of the FCCPA against Plaintiff and other Florida

citizens is repugnant to the public welfare and offends the long-standing public policy of this State to protect innocent consumers from predatory, abusive and fraudulent collection practices.

35. Plaintiff is uncertain as to Plaintiff's rights under the FCCPA. Plaintiff seeks the Court to exercise its statutory and/or equitable jurisdiction to declare the rights of the parties under the statute.

36. The Defendant has or will continue the aforesaid unlawful conduct now and into the future unless declaratory relief issues declaring the conduct unlawful.

37. The FCCPA and Chapter 86, The Declaratory Judgment Act empowers and confers upon this Court the necessary and statutory jurisdiction and authority to "declare" the rights of the parties under the FCCPA.

38. Plaintiff hereby invokes the Court's equitable jurisdiction under the FCCPA to declare the following as violations of the FCCPA, willfully repeated "robo-calls" or other multiple calls to consumers in a single day;

39. Plaintiff was forced to retain undersigned counsel and has or will incur substantial attorney's fees, legal assistant fees and costs.

40. Plaintiff, as a prevailing party, is entitled to an award of attorney's fees, legal assistant fees and costs of this action, pursuant to the provisions of the FCCPA.

WHEREFORE, Plaintiff, RONALD TRACY, prays for declaratory relief, attorney's fees, legal assistant fees, costs, prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT IV
### Violation of the TCPA

41. This is a cause of action against Defendant for its violation of the TCPA.

42. Plaintiff restates (1) through (20) above, as if fully set forth herein.

43. At all times material hereto, the Defendant was a "person" within the meaning of 47 U.S.C. §227.

44. The Defendant willfully violated the provisions of the TCPA by placing calls using an automatic telephone dialing system to dial the Plaintiff's cellular telephone, or by using an artificial or prerecorded voice to deliver a message to the Plaintiff in violation of 47 U.S.C. §227.

45. As a legal and proximate cause of the aforesaid misconduct and violations, Plaintiff has suffered actual damages and is entitled to statutory damages.

46. Plaintiff was forced to retain undersigned counsel and has or will incur attorney's fees, legal assistant fees and costs. Counsel has been retained on a contingency basis, and Plaintiff seeks a contingency risk multiplier.

47. Plaintiff is entitled to an award of attorneys' fees, legal assistant fees and costs of this action, pursuant to the provisions of the TCPA.

WHEREFORE, Plaintiff, RONALD TRACY, demands actual and statutory damages, attorney's fees, legal assistant fees, costs and prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## COUNT V
### Violation of the Florida Deceptive and Unfair Trade Practices Act

48.   Plaintiff restates (1) through (20) above, as if fully set forth herein.

49.   Defendant has violated the FCCPA, the FDCPA and the TCPA in its debt collection activities taken against the Plaintiff.

50.   The violations of these consumer protection statutes constituted violation of the FDUTPA

§501.20 *et. seq.*

WHEREFORE, Plaintiff, RONALD TRACY, demands actual, statutory damages, attorney's fees, costs and prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## JURY DEMAND

Plaintiff, RONALD TRACY , demands a trial by jury for all claims asserted herein.

Dated this 11th day of February, 2014.

                                  **VILES & BECKMAN, LLC**
Attorneys for Plaintiff
6350 Presidential Court Suite A
Fort Myers, Florida 33919
Telephone: 239-334-3933
Facsimile: 239-334-7105
marcus@vilesandbeckman.com
alison@vilesandbeckman.com
matt@vilesandbeckman.com

By: /s/Marcus Viles, Esq.
     Marcus W. Viles, Esquire
     Florida Bar Number: 0516971